IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Derrick Criswell,           ) | |
| ) | Case No.: 2:11-cr-472-PMD-11 |
| Petitioner,  ) | |
| ) | **ORDER** |
| v.           ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Derrick Criswell seeks relief from his sentence under 18 U.S.C. § 3582(c) and 28 U.S.C. § 2255 (ECF Nos. 2199 & 2284). The United States ("Government") asks the Court to deny Criswell's claims (ECF Nos. 2234 & 2310). Having reviewed the briefs and the record, the Court finds this matter suitable for disposition without a hearing. For the reasons stated herein, the Court grants the Government's request and, consequently, denies Criswell's motion.

## BACKGROUND

In 2013, Criswell pled guilty to four controlled-substance offenses. His plea agreement contained the following stipulations regarding his prison sentence range:

> The parties stipulate and agree that the defendant is a career offender and that, pursuant to U.S.S.G. §§ 4B1.1, 3E1.1(a) and 3E1.1(b), his total offense level is 34, with a corresponding sentencing range of 262 to 327 months. In the event that the Court determines that the defendant is not a career offender, the parties stipulate nonetheless that the appropriate sentencing range, prior to any motion for departure by the government, is 262 months to 327 months. The parties understand that these stipulations are not binding on the court, and that should the court not accept these stipulations, the defendant will have no right to withdraw his plea.

(Plea Agreement, ECF No. 1293, at 8–9.) The Court accepted those stipulations.

At sentencing, the Court did not find that Criswell was a career offender under the Sentencing Guidelines. Instead, the Court noted the Guidelines indicated that, due to Criswell's

criminal history and the amount of drugs for which he was responsible, he should be imprisoned from 235 to 293 months. As Criswell's presentence investigation report indicated, that calculation was based on Criswell not being subject to the career-offender enhancement in § 4B1.1. After noting that Guidelines range, the Court acknowledged that the stipulated range of 262 months to 327 months controlled. Relying on that stipulated range, the Court sentenced Criswell to 300 months in prison.[1]

In June 2016, Criswell filed his § 2255 motion, arguing that his sentence was unconstitutional. He later supplemented his § 2255 motion with a request to have his sentence reduced under § 3582(c)(2). The Government responded to each of those two grounds separately. Accordingly, this matter is now ripe for consideration.

## DISCUSSION

Criswell seeks relief from his sentence under both § 3582(c)(2) and § 2255. For the following reasons, the Court concludes that neither avenue of relief is available to him.

### I.    § 3582(c)(2)

Criswell asks this Court to reduce his sentence pursuant to § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, which reduced the base offense level for certain drug offenses. Generally, federal courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to that rule arises when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2).

Subsection 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. First, the Court must determine whether it is authorized to grant a sentence reduction. *See id.* If so,

---

[1]. The Government later moved for a sentence reduction under Federal Rule of Criminal Procedure 35(b). The Court granted the motion and reduced Criswell's sentence by 100 months.

the Court uses its discretion to decide how much of a reduction, if any, is appropriate under the particular circumstances of the case. *Id.* at 827.

Criswell's motion fails at step one, as his sentence was not "based on" a Guidelines range. Instead, the Court based his sentence on the plea agreement's stipulated sentencing range.

In most instances, § 3582(c)(2) does not allow courts to reduce a sentence that was the product of a stipulation in a Rule 11(c)(1)(C) plea agreement. *See Freeman v. United States*, 564 U.S. 522, 535–38 (2011) (Sotomayor, J., concurring in the judgment); *see also United States v. Brown*, 653 F.3d 337, 340 & n. 1 (4th Cir. 2011) (stating Justice Sotomayor's concurrence in *Freeman* controls). That is so because such sentences are "'based on' the agreement itself" and not on a calculated Guidelines range, as § 3582(c)(2) requires. *Freeman*, 564 U.S. at 536 (Sotomayor, J., concurring in the judgment). However, "where the plea agreement itself expressly refers to and relies upon a Guidelines sentencing range" to establish the stipulated prison term, *Brown*, 653 F.3d at 340, the "based on" requirement of § 3582(c)(2) is met. That can occur in two instances: (1) where the plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," and (2) where the agreement "provide[s] for a specific term of imprisonment—such as a number of months—but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.* at 538, 539.

Courts must decide whether the *Freeman* exception applies using only "the terms contained within the four corners of the plea agreement." *United States v. Rivera-Martinez*, 665 F.3d 344, 349 (1st Cir. 2011); *see also Freeman*, 564 U.S. at 540 (Sotomayor, J., concurring in the judgment) (stating the exception applies "when the *agreement itself* employs the particular Guidelines sentencing range" or when "*the agreement itself* demonstrates the parties' intent" by

3

"explicitly employ[ing] a particular Guidelines sentencing range"). Unless the Rule 11(c)(1)(C) plea agreement itself "make[s] clear that the agreed sentence was based upon a Guidelines calculation," *Frazier*, 531 F. App'x at 310 (quotation marks omitted), the court cannot apply the *Freeman* exception. *See Freeman*, 564 U.S. at 550 n.9 (Sotomayor, J., concurring in the judgment) (stating that "[i]f a (C) agreement does not contain any references to the Guidelines, there is no way of knowing whether the agreement used a Guidelines sentencing range to establish the term of imprisonment, and a prisoner sentenced under such an agreement would not be eligible" for a § 3582(c)(2) reduction (internal citations and quotation marks omitted)).

To be sure, the stipulation paragraph in Criswell's plea agreement does refer to the career-offender guideline. That portion of the stipulation was to apply if the Court agreed that Criswell was subject to § 4B1.1. As mentioned above, however, the Court determined that Criswell was not a career offender under § 4B1.1. That conclusion triggered the "nonetheless" sentence in the stipulation paragraph, which contemplated Criswell still receiving a sentence between 262 and 327 months despite his Guidelines range being something different. Although that sentencing range matches the range Criswell would have faced under § 4B1.1, nothing in the plea agreement itself makes clear that this range was in fact based on any provision of the Guidelines. *Cf. United States v. Frazier*, 531 F. App'x 308, 310 (4th Cir. 2013) (per curiam) (affirming district court's decision that *Freeman* exception did not apply to stipulation that did not make clear that the agreed sentence was based upon a Guidelines calculation). Thus, the *Freeman* exception does not apply, and Criswell's § 3582(c)(2) motion fails because the sentence was not clearly "based on" a Guidelines range.[2]

---

2. Criswell also contends that his plea agreement is voidable because he and the Government formed it under the mutual mistake that he was subject to the career-offender guideline. The Court disagrees. As discussed above, the stipulation paragraph demonstrates the parties considered the possibility that Criswell might not be deemed a career offender and then agreed upon what would happen in that scenario.

4

## II.     § 2255

Criswell also seeks relief under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Criswell contends that he was sentenced as a career offender and that, after *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence is unconstitutional.  Criswell is mistaken; as discussed above, the Court did not find that Criswell was a career offender.  Consequently, *Johnson* affords Criswell no basis for relief under § 2255.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Government's motion to dismiss is **GRANTED** and that, consequently, Criswell's motion is **DENIED**.[3]

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**February 6, 2017**
**Charleston, South Carolina**

---

[3].   A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the merits of his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  Criswell has not satisfied that standard.  Accordingly, the Court declines to issue a certificate of appealability on the § 2255 portion of his motion.  *See* R. 11(a), § 2255 Rules.